IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS PEARMAN, # R-42599, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-cv-1019-GPM |
| ANGELA WINDSOR, LT. SCHULER, CANDACE CHILDERS, and SHERRY BENTON, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who was recently released from Pontiac Correctional Center ("Pontiac") and is now on parole, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was incarcerated at Big Muddy River Correctional Center ("BMRCC"), and he filed this action while he was still an inmate at Pontiac. Plaintiff, who describes himself as a transgender individual, claims that he has been subjected to verbal sexual harassment and discrimination by Defendant Childers (a correctional officer), and has been retaliated against for bringing complaints over that harassment.

Specifically, Plaintiff complains that Defendant Childers verbally harassed him on October 30, 2011, by making disparaging and profane remarks about certain body parts and calling him a "freak" (Doc. 1, p. 5). This exchange took place in the presence of other inmates. Plaintiff was humiliated by being the object of public ridicule, and feared that Defendant Childers's comments could make him the target of harassment or worse by other prisoners.

Following this incident, Plaintiff filed grievances and raised verbal complaints to Defendants Schuler (BMRCC Internal Affairs) and Windsor (BMRCC Warden) over Defendant

Childers's unprofessional conduct (Doc. 1, pp. 7-10).  However, no action was taken, and Plaintiff was harassed by Defendant Childers on other occasions (Doc. 1, p. 8).  After Plaintiff complained about the harassment, Defendant Childers retaliated by writing a false disciplinary ticket against him (Doc. 1, p. 10).  Plaintiff persisted in his complaints, and Defendant Schuler threatened to "get rid of [Plaintiff] for good," put him in segregation, or transfer him, if he persisted in complaining about Defendant Childers (Doc. 1, p. 11).  Defendant Schuler later issued a disciplinary ticket against Plaintiff, which resulted in Plaintiff's transfer to Pontiac (Doc. 1, p. 12).  After Plaintiff's transfer, he discovered that documents relating to the harassment claims were missing from his personal property.  He believes this evidence was removed in retaliation for his complaints against Defendant Childers.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Childers and Schuler for retaliation (Count 1—Defendants retaliated against Plaintiff because of his complaints of harassment).  However, Plaintiff's remaining claims shall be dismissed, as will Defendants Windsor and Benton.

Harassment does not, in and of itself, violate the constitution.  *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws").  Plaintiff alleges sexual harassment which is, at the least, unprofessional in the extreme; but he does not allege sexual abuse, so there is no §1983 claim here.  *See Allen v. Wine,* 297 Fed.Appx. 524, 530 ("[Plaintiff]'s complaint alleges only sexual harassment consisting of words and gestures rather than any physical abuse.  And while an

allegation of sexual abuse of a prisoner would state a claim under the Eighth Amendment for cruel and unusual punishment, verbal harassment does not."). This remains the case even where the harassment is of a sexual nature, and despite the fact that the Defendant's actions may have violated the code of conduct of the Illinois Department of Corrections ("IDOC"). A federal court does not enforce state law and regulations. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *see also Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). The complaint, therefore, fails to state a claim upon which relief may be granted for sexual harassment, and this claim shall be dismissed with prejudice.

Similarly, the denial or failure to respond to Plaintiff's grievances on the part of Defendants Windsor (BMRCC Warden) and Benton (of the IDOC Administrative Review Board) does not amount to a constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992). *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim"). Accordingly, this claim shall be dismissed with prejudice.

**Disposition**

All claims but the retaliation claim are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Defendants **WINDSOR** and **BENTON** are **DISMISSED** from this action **with prejudice**.

As to the claims of retaliation, the Clerk of Court shall prepare for Defendants **SCHULER** and **CHILDERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED:** December 20, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge